Caruthers, J.,
delivered tbe opinion of tbe Court.
Short was clerk of tbe County Court of Macon from 1848, *476 to his death in 1857. He issued as such clerk, about seven hundred marriage license during his term of office, and failed to record them with the return upon them, as it was his duty to do by the statutes on that subject. He also failed and neglected to record his settlements with guardians and administrators. Eor which duties thus neglected, he received the fees allowed by law.
The County Court contracted with his successor, Price, to perform the duties so omitted, at an expense of ¡§206.10. This action of assumpsit was instituted to recover that amount of the administrator of Short. A demurrer to the declaration was overruled, and upon plea and proof, a verdict and judgment were given for the said sum of $206.10; and the administrator appealed, in error, to this Court.
We think it very clear, that the demurrer should have been sustained. There is no principle upon which the action can be maintained. It was the duty of the County Court to have seen that their clerk performed his duty in this, as well as all other matters pertaining to his office, and visited his failure to do so with such penalties as were appropriate to the case. He should have been removed for such nonfeasance, or culpable neglect of duty. Having failed to do this, or in any way to operate upon him while in their power, we suppose their authority over him was at an end. There is no power on the part of the Court to employ another to do the services that he should have performed, so as thereby to create a valid claim against his estate. It is a case of paying money to do the work of another without his sanction or request, and even after he is dead. The official duties neglected are of importance to the public, and were enjoined both by his bond and his oath; Code, sec, 327, 332 and 4073. If the County Court could sue at all for his neglect of duty, which is not decided now, it would have to be upon the bond. This remedy would be open to individuals who might sustain injury from this official neglect of duty. It may also be true, that persons from whom money had been taken for services not rendered, could recover it back; and there may be no doubt, but *477 that the clerk would he liable to criminal prosecution for extortion. But this suit is not upon the bond, nor by any one who has been injured, but to recover as upon an implied as-sumpsit for money paid out for the work and labor of another without his request, consent or knowledge. It would probably be proper for the Legislature to pass a law for such cases. But there is now no such law, nor are we aware of any principle that would authorize such an action.
The judgment of the Court overruling the demurrer will be reversed, and the same sustained.